80,282-02

The Court of Criminal Appeals of Texas
Abel Acosta, Clerk
PO Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 13 2015
Abel Acosta, Clerk

RE: Victor Gabriel Nunez #1505996,
    Writ No. W06-68354-Q(B) / Habeas Petition,
    Files: Applicants Response And Exception,
        To states Response.

Hon. Abel Acosta:

    Enclosed please find the above mentioned Respond.
Please! file and bring it to the attention of the court.
    The state counsel filed its Respond on January
05-2015.

Thank you for your time / kindness in this matter.

Victor Gabriel Nunez #1505996
H.H. Coffield Unit
2661 FM 2054
Tennessee Colony, Tx. 75884

pro se: Applicant.

Vi.G.N.                    July 7 2015

<u>Writ No. W06-68354. Q(B)</u>

In the Court
of
Criminal Appeals

---

Applicants Response And Exception
To
States Response

---

From The 204th District Court
Dallas County, Tex.
Trial Case No. F06-68354 Q

---

_Vic.L.N._

Signed/mailed July-7-2015

Victor Gabriel Nunez 1505996
H.H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

pro-se! Applicant

I

## List of Parties

Susan Hawk
Criminal District Attorney
Dallas County, Texas

Brian P. Higginbotham
Assistant District Attorney
Dallas County, Texas

Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas 75207-4399

Hon. Lena Levario
District Judge
204Th District Court
Dallas County, Texas

Applicant
Victor Griel Nunez # 1505996
Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

II

# Table of Authorities

Page

## Texa Courdes of Criminial Procedure (T.C.C.P.)

Article 11.07 — — — — — — — — — — — — — 1

## Case Law

Bousley V. U.S., 118 S.Ct. 2639, 2644 (1986) — — — 2

Hardwick V. Crosby, 320 F.3d 1127 (4th Cir. 2003) — — 2

Moore V. Johnson, 194 F.3d 586, 610 (5th Cir. 1999) — — 2

Murry V. Carrier, 106 S.Ct. 2639, 2643-2644 (1986) — — 2

Wainright V. Sukes, 97 S.Ct. 2506-2507 (1977) — — — 2

## Table of Contents

Cover page — — — — — — — — — — — — I

List of Paties — — — — — — — — — — — II

Table of Authorities — — — — — — — — — III

Table of Contents — — — — — — — — — III

Applicants Response And Exception To states Response
Writ No. W06-68354-Q (B) — — — — — — — — 1, 2, 3

Conclusion — — — — — — — — — — — 3

Drayer — — — — — — — — — — — — — 3

<u>IN the Court of Criminal Appeals of Texas</u>

Writ No. W06-68354-Q (B)

Ex Parte

Victor Gabriel Nunez

T.D.C.J.-C.I.D. No. 1505996

    (Applicant)

From The 204Th Judicial

District Court of

Dallas County, Texas

To The Honorable Judge of Said Court:

Applicants Response And Exception
To
States Response

    Comes Now, Victor Gabriel Nunez #1505996 (Applicant) and files this His Respond. He will show the following.

**I**

1) Applicant entered a plea of not guilty to the alleged charge of Capital murder of a child under 6 years of age in a trial by jury. but was found guilty on may 15-2008 on case No. F06-68354-Q.

2) He appealed to the 5Th District Court of Appeals in case No 05-08-00711-CR. Being, affirmed on June 17-2009.

3) Filed a P.D.R. and was affirmed on June 17-2009.

4) Filed a Habeas Petition (T.C.C.P. art. 11.07) denied.

**II**

    States Response (page 3) claims Applicants issue of ineffective assistance of councel (IAC) is not cognizable due to being raised

<u>page One</u>

ON His Original Habeas Petition. having already been answered. The state shows in it's respond Exhibit Two an affidavit from His Coun-Counsel dated the 18Th day of April 2013 used to deny Applicant's claim of IAC in the issues raised in that petition. The state's exhibit two has nothing to do with the present issue of IAC based on Newly discovered evidence. These are Two distinct matters. "Petitioners claim may still be reviewed in This collateral proceeding if He can establish the constitutional error in His plea colloquy has probably resulted in the conviction of who is actually innocent. see Murray V. Carrier, 106 S.Ct. 2639, 2643-2644 (1986); Bousely V. U.S., 118 S.CT. 1604 (19 981; Also Wainwright V. Sakes, 97 S.CT. 2506-2507 (1977) on that He is actually innocent.

Further, even if they (issues) are related, the Applicant managed to obtain evidence which was trial counsel's Constitutional duty to conduct a proper investigation and obtain such, for a proper defense a trial. Clearly showing counsel was in fact ineffective. The Eleventh Circuit has "while we do not require that a Lawyer be a private investigator in order to decern every possible avenue which may hurt or help the client, we do require that the Lawyer make an effort to investigate the obvious." Hardwick V. Crosby, 320 F.3d 1127 (11Th Cir, 2003) (emphasis added). Also, A strateay based on an incorrect understanding of the Law or failure to fully investigate the facts cannot as a matter of Law be objectively reasonable. Moore V. JohnSon, 194 F.3d 586, 610

## CONCLUSION

The State petitioned this Honorable court issue an order designating the issue of actual innocence, and rejects IAC as not cognizable see States Response at page three (3).

Applicant has shown this Honorable Court of Criminal Appeals this all issues in His subsequent Habeas Petion are in fact cognizable as related to the newly discovered evidence (Exhibits in Applicants instant petition) the preponderance of Applicants evidence indicates this. Therefore, this Honorable court should review (De Novo) the totality of the issues presented.

### Prayer

Applicant asks this Honorable Court of Criminal Appeals of Texas for relief.

Respectfully Submitted

_Vic.G.N._     7-7-2015

Victor Gabriel Nunez II 1505996
H.H. Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884
pro se: Applicant

Signed/mailed on <u>July-7-2015</u>
Applicant submitted a true/correct copy to the original court on above mentioned date.

<u>page Three</u>